EMILE DE RAICHE v. LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY.[1]

June 7, 1901.

Nos. 12,566—(138).

**Fire Insurance—Proof of Loss.**

> It is not necessary to the sufficiency of a statement or proof of loss given pursuant to the requirements of a Minnesota standard insurance policy that the same contain a specific demand or claim as to the amount of the loss. A substantial compliance with the terms of the policy in this respect is sufficient.

Action in the district court for Ramsey county to recover $1,000 and interest upon a policy of fire insurance. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Douglas A. Fiske,* for appellant.

*Louis R. Frankel* and *Hascal R. Brill, Jr.,* for respondent.

BROWN, J.

This action was brought to recover upon an insurance policy issued by defendant to plaintiff upon and covering certain per-

[1] Reported in 86 N. W. 425.

sonal property. Plaintiff had judgment in the court below, and defendant appeals from an order denying a new trial.

There is but one question in the case, and that with reference to the sufficiency of the statement or proof of loss furnished by plaintiff after the fire. The policy is the Minnesota standard form, and on the subject of notice of loss provides as follows:

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured,—except in case of total loss on buildings, the value of said buildings need not be stated,—the interest of the insured therein, all other insurance thereon in detail, the purpose for which, and the persons by whom, the building insured, or containing the property insured, was used, and the time at which, and the manner in which, the fire originated, so far as known to the insured."

The policy also provides that in case of loss or damage by fire the company shall, within sixty days after receipt of the statement of loss, pay the amount for which it is liable, which amount, if not agreed upon by the parties, shall be ascertained by arbitration. The plaintiff's property was destroyed or damaged by fire on July 30, 1900. On August 4, following, plaintiff mailed to defendant a sworn statement specifying particularly the matters required by the provisions of the policy above quoted. The company received the statement in due course of mail, but never paid or offered to pay the amount of its liability, and at the expiration of sixty days this action followed.

The contention of defendant is that the proof or statement of loss is insufficient for any purpose, because it does not specify the amount of plaintiff's damage. It is insisted that it should have contained a statement of the amount plaintiff claims the company was liable for, and that because of the omission of such statement the proof is insufficient, and gave no right of action on the policy. This contention is based upon the theory that, as the company has the right to have the amount of its liability determined by arbitration in case the parties do not agree upon that subject, unless the insured makes some specific claim against the company, no controversy or dispute as to the amount can

arise, and therefore the terms of the policy with reference to the arbitration become inoperative and of no effect. This position cannot be sustained. As stated, the proof of loss is in literal compliance with the terms of the policy, contains every fact required to be stated therein, and can only be held insufficient by judically reading into the terms of the policy a provision that the insured must, in addition to the matters specially required to be stated, also make specific claim as to the amount of his loss.

A substantial compliance with the terms of the policy with respect to the proof of loss is uniformly held sufficient. 13 Am. & Eng. Enc. 336. If the matters and information required to be stated and given therein are set out in substance and effect, the proof is sufficient. We have found no case requiring the insured to go beyond this, or to state and set forth any matters not specially provided for. So the full answer to defendant's contention is found in the fact that the policy does not require proof of loss to contain a statement of the amount claimed by the insured. It is not a question to be reasoned out by analogy, but rather to be determined from reasonable interpretation of the policy. The fact that the presentation of a specific claim by the insured would enable the company to refuse payment, if deemed excessive, and thus bring into operation the arbitration provisions of the policy, is no reason why the court should read into the contract a requirement not made a part thereof by the parties. The right to have the amount of the loss determined by arbitration is in no measure obstructed or prevented by the failure on the part of the insured to demand a specific sum. The company may, upon notice of the loss, investigate the fire, the extent of the damage and loss, and make such offer of settlement as it may deem fair and just; and, if the insured declines to accept the same, an arbitration may then be had. We need pursue the subject no further. The question is to be determined, as we have already noted, by the terms of the policy itself, and the insured can be required to do no more than therein conditioned.

The order appealed from is affirmed.